UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FELIX MUSTILIER ZAMBRANO,

      Petitioner,

    v.                       Case No.:  2:26-cv-01638-SPC-KRH

WARDEN, FLORIDA SOFT SIDE
DETENTION CENTER *et al.*,

      Respondents,

_____/

## OPINION AND ORDER

Before the Court are petitioner Felix Mustilier Zambrano's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 4).

Mustilier Zambrano is a native of Cuba who entered the United States in 2012. An immigration judge ordered him removed from the country on August 11, 2016—the record does not reflect why. Immigration and Customs Enforcement ("ICE") released Mustilier Zambrano under an order of supervision on November 9, 2016. ICE revoked the order and took him back into custody on November 19, 2025. He is currently detained at Alligator Alcatraz. Mustilier Zambrano challenges the legality of his detention under the Fifth Amendment and *Zadvydas v. Davis*, 533 U.S. 678 (2001).

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)).

The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. at 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

The respondents acknowledge the six-month period for presumptively reasonable detention has expired, so *Zadvydas*'s burden-shifting framework applies. Mustilier Zambrano has carried his initial burden by showing a good

reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. The government was unable to remove him in 2014, and no change in circumstances makes removal to Cuba more likely now. The burden thus shifts to the respondents. An ICE deportation officer claims ICE will attempt to remove Mustilier Zambrano to Mexico, but he does not claim Mexico has agreed to accept Mustilier Zambrano or otherwise demonstrate that future removal efforts will likely be successful.

The Court finds no significant likelihood Mustilier Zambrano will be removed in the reasonably foreseeable future. He is entitled to release from detention under *Zadvydas*. If removal becomes likely in the reasonably foreseeable future, ICE can detain Mustilier Zambrano to "assur[e] [his] presence at the moment of removal." *Zadvydas*, 533 U.S. at 680.

Accordingly, it is hereby

**ORDERED:**

Felix Mustilier Zambrano's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

1. The respondents shall release Mustilier Zambrano within 24 hours of this Order and provide him telephone access so he can arrange transportation from the facility.

2. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on June 3, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record